# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| Plaintiff, | : | Case No. 3:05CV102 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JAMES SCOTT, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

Plaintiff DIRECTV, Inc., a California company in the business of providing subscription broadcast satellite services, brings this case against *pro se* Defendant James Scott, a resident of Dayton, Ohio. DIRECTV claims that Defendant purchased one or more Pirate Access Devices and used these devices, or assisted others in using them, to receive or intercept DIRECTV's encrypted satellite broadcast signals in violation of 47 U.S.C. §605(a) and 18 U.S.C. §2511(1)(a). DIRECTV also claims that Defendant engaged in the business of manufacturing, assembling, distributing, etc., illegal satellite signal theft devices in violation of 47 U.S.C. §605(e)(4).

This case is before the Court upon DIRECTV's Motion for Summary Judgment and supporting Declarations (Doc. #s 10-12), DIRECTV's Supplemental Memorandum (Doc. #15),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

and the record as a whole.  The Court notified Defendant that DIRECTV had filed a Motion for

Summary Judgment and that in response, Defendant must respond with evidence showing there

is a genuine issue of fact for trial (Doc. #13).  Defendant, however, did not file any response or

opposition to DIRECTV's Motion for Summary Judgment or its Supplemental Memorandum.[2]

  In his Answer to DIRECTV's Complaint, Defendant states, "I did Order Boards.  But

they were not used for what DIRECTV says they where [sic] used at my church in Middletown

to teach kids programming and computers.  All info. was gotten off Microsoft.com to teach

them...."  (*DIRECTV, Inc. v. Joe Evans, et al*., Case No. 3:03cv00147 (Doc. #38)).

## II.    SUMMARY JUDGMENT STANDARDS

  The central issue presented by a Motion for Summary Judgment is a threshold issue –

whether the case presents a proper jury question.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

249-50 (1986).  A moving party is entitled to summary judgment in its favor if there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also*

*Anderson*, 477 U.S. at 247.

  "The burden placed upon the movant for summary judgment is to show that the non-

moving party has failed to establish an essential element of his case upon which he would bear

the ultimate burden at trial."  *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir.

1992); *see Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).  If the movant

makes this showing, the non-moving party may not rely on the bare allegations of the Complaint

---

  [2] Defendant received service of summons and filed an Answer to DIRECTV's Complaint in DIRECTV's
original case against numerous defendants, from which the present case was severed.  *See DIRECTV v. Joe Evans, et
al*., Case No. 3:03cv00174 (Doc. #s 11, 38).

2

but must present affirmative evidence in support of his or her claims.  *Andretti v. Borla Performance Industries, Inc*., 426 F.3d 824, 832 (6th Cir. 2005); *see Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see also Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

Because Defendant is proceeding *pro se*, the Court must construe his pleadings liberally in his favor.  *Cf. Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993).  The Court, however, is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Id*. at 404; *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *see also Street*, 886 F.2d at 1479-80.  Rather, the burden falls on Defendant at this stage of the litigation to designate specific facts or evidence in dispute.  *See Anderson*, 477 U.S. at 250; *see also Metiva*, 31 F.3d at 379; *Guarino*, 980 F.2d at 404-05; *Street*, 886 F.2d at 1479-80.

Ultimately, the Court must determine at the summary-judgment stage whether the evidence presents a sufficient factual disagreement to require submission of the challenged claim or claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law.  *See Anderson*, 477 U.S. at 251-52; *see also Little Caesar Enterprises*, 219 F.3d at 551.

## III.    FACTUAL BACKGROUND

In support of its Motion for Summary Judgment, DIRECTV relies on Defendant's admissions arising from his failure to respond to DIRECTV's Requests for Admission under Fed. R. Civ. P. 36.  (Doc. #12, Exhibit A).

In the absence of Defendant's response to DIRECTV's Requests for Admissions, the factual matters raised in DIRECTV's Requests are deemed to be true and conclusively established for the purposes of the pending case, *see* Fed. R. Civ. P. 36(a) and (b), and may be

considered when ruling on a Motion for Summary Judgment, *see Campbell v. Spectrum Automation Co*., 601 F.2d 246, 253 (6th Cir. 1979).  These admissions establish the following key facts:

On or about March 13, 2001, Defendant purchased seven devices known as "unloopers" from a Vector Technologies.  (Doc. #12, Exh. A at 5-6).  The primary purpose of the unloopers Defendant purchased was to assist in the unauthorized reception of DIRECTV satellite television programming.  *Id*. at 7.  Defendant knew of this primary purpose and used the unloopers to assist in the unauthorized reception of DIRECTV satellite television programming.  *Id*. at 7-9.  Defendant also sold and distributed the seven unloopers to others for the purpose of unauthorized reception of DIRECTV satellite television programming.  *Id*. at 10-11

On or about March 14, 2001, Defendant purchased one unlooper from a Vector Technologies.  *Id*. at 12.  The primary purpose of this unlooper was to assist in the unauthorized reception of DIRECTV satellite television programming.  *Id*. at 13-14.  Defendant knew of this primary purpose and used this unlooper to assist in the unauthorized reception of DIRECTV satellite television programming.  *Id*. at 15.  Defendant also sold and distributed this unlooper to others for the purpose of unauthorized reception of DIRECTV satellite television programming.  *Id*. at 16-18.

## IV. ANALYSIS

### A. <u>Count One</u>

DIRECTV argues that summary judgment is warranted on Count One of its Amended Complaint because the undisputed facts establish that Defendant violated Section 605(a) of the Federal Communications Act, 47 U.S.C. §605(a).  This statute provides in pertinent part, "no

4

person not being entitled thereto shall receive ... any interstate ... communication by radio and use such communication for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. §605(a).  Although § 605(a) does not explicitly refer to satellite transmissions, such transmissions constitute "radio communications" within the meaning of §605(a).  *See Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc*., 146 F.Supp.2d 955, 958 (E.D. Wis. 2001).

Section 605(e)(3)(A) of Title 47 provides a private right of action in favor of anyone aggrieved by a violation of §605(a).

In light of Defendant's failure to oppose DIRECTV's Motion for Summary Judgment, there is no genuine dispute in the record over the facts created by Defendant's admissions under Rule 36(a) and (b).  *See Spectrum Automation*, 601 F.2d at 253.  Consequently, there is no genuine dispute over the following:  On March 13, 2001, Defendant purchased, used, sold, and distributed, seven pirate access devices known as unloopers to engage in, or assist others in engaging in, the unauthorized reception of DIRECTV satellite television programming; and on March 14, 2001, Defendant purchased and used, sold, and distributed, one pirate access device known as an unlooper to engage in, or assist others in engaging in, the unauthorized reception of DIRECTV satellite television programming.  Defendant knew that the primary purpose of these unloopers was to effect the unauthorized reception of DIRECTV's satellite television programming.  Because no genuine dispute exists over these facts, DIRECTV has established that Defendant violated §605(a).

The assertion in Defendant's Answer that he purchased certain Boards and that the Boards were used at his church "to teach kids programming and computers" (*DIRECTV, Inc. v. Joe Evans, et al*., Case No. 3:03cv00147 (Doc. #38)) does not excuse his violation.  The plain

5

language of §605(b) does not include an educational-use or religious-use exception to the prohibitions listed in §605(a).

Accordingly, DIRECTV's Motion for Summary Judgment on Count One of the Amended Complaint is well taken.

### B.    Count Two

DIRECTV asserts that summary judgment is warranted on Count Two of its Amended Complaint because the undisputed facts establish that Defendant violated the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. §2511(1)(a).

The ECPA prohibits the intentional interception, or attempted interception of any wire, oral, or electronic communications.  *See* 18 U.S.C. §2511(1)(a).  The ECPA provides a private right of action for damages due to an unauthorized interception of satellite television broadcasts. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 167-68 (3rd Cir. 2005)(noting this holding "comports with that of every other court of appeals to have considered the question.  *See, e.g., DIRECTV v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005)...")(other citation omitted).

In light of the facts previously reviewed, which in the absence of opposition by Defendant, are undisputed, DIRECTV has established that Defendant engaged in the unauthorized interception of DIRECTV's encrypted satellite television broadcast signal in violation of the ECPA.  The assertion in Defendant's Answer that he purchased certain Boards and that the Boards were used at his church "to teach kids programming and computers" (*DIRECTV, Inc. v. Joe Evans, et al.*, Case No. 3:03cv00147 (Doc. #38)) does not excuse his violation.  The exceptions listed in §2511(2)(g) do not include an educational-use or religious-use exception to the prohibitions listed in the ECPA.

6

Accordingly, DIRECTV's Motion for Summary Judgment on Count Two of the Amended Complaint is well taken.

### C.    Damages Under 18 U.S.C. §2520(c)(2)

### 1.
### Initial Calculation

DIRECTV seeks summary judgment on the issue of damages under 18 U.S.C. §2520.

To calculate the proper measure of DIRECTV's damages under §2520(c)(2), the following procedure applies:

> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any....
>
> (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100....
>
> (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award....
>
> (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it....

*Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir. 1999)(citing 18 U.S.C. §§2520(c)(2)(A), (B)).

DIRECTV argues that because it has established that Defendant violated §2511(1)(a), "DIRECTV is entitled to a judgment in the sum certain amount of $80,000.00 (8 x $10,000.00 per violation) based on violations of the ECPA."  (Doc. #10 at 12).

In light of DIRECTV's Motion for Summary Judgment, the present record establishes that DIRECTV's actual damages plus Defendant's profits is less than the statutory amount of $10,000.  DIRECTV also does not assert that the amount of $100 in *per diem* damages is more than $10,000.  *Id*.  Because DIRECTV's actual damages plus Defendant's profits are less than

$10,000, and because DIRECTV does not assert that the amount of $100 in *per diem* damages is more than $10,000, a tentative award of $10,000 in statutory damages applies. *See Dorris*, 179 F.3d at 430.

### 2.
### Multiplying under §2520(c)(2)

DIRECTV seeks to multiple the $10,000 statutory damages times eight due to Defendant's purchase, possession, and use of eight pirate access devices. Multiplication, however, is not warranted in this case under §2520(c)(2).

The $10,000 statutory damages "is designed to compensate a plaintiff for all of the transgressor's misdeeds under the wiretapping statute arising out of a closely related course of conduct that takes place over a relatively short period of time." *Dorris*, 179 F.3d at 428. When the illegally intercepted communications are "sufficiently interrelated and time-compacted...," *id*., multiple awards of $10,000 in statutory damages is unwarranted. *Id*.

DIRECTV's method of calculating damages is flawed as a matter of law because 18 U.S.C. §2520 does not permit multiplying the $10,000 statutory minimum by the number of Pirate Access Devices purchased and possessed by Defendant, particularly when the misconduct was sufficiently interrelated and time-compacted. *See Dorris*, 179 F.3d at 428. Several District Courts, including two within the Sixth Circuit, have rejected DIRECTV's method of multiplying the $10,000 statutory minimum times the number of Pirate Access Devices. *DIRECTV v. Blonairz*, 336 F.Supp.2d 723, 727 (W.D. Mich. 2004); *see DIRECTV, Inc. v. Kruse*, 2004 WL 952844 at *3 (N.D. Ohio April 13, 2004); *DIRECTV, Inc. v. Yee*, 2005 WL 954471 (N.D. Cal. April 26, 2005)(Report and Recommendation). One District Court characterized DIRECTV's multiplication method as "wholly implausible." *DIRECTV, Inc. v. Craig*, 361 F.Supp.2d 1339,

1334 n.9 (M.D. Alabama 2005).

The instant case is similar to a case to *DIRECTV, Inc. v. Kruse*, decided by the District

Court in the Northern District of Ohio.  *Kruse* involved the purchase, possession, and use of two

Pirate Access Devices.  2004 WL 952844 at *1.  Relying on two Sixth Circuit cases that also

apply in the present case – namely *Smoot v. United Transp. Union*, 246 F.3d 633 (6th Cir. 2001)

and *Dorris v. Absher*, 179 F.3d 420 (6th Cir. 1999) – the District Court in *Kruse* reasoned

convincingly as follows:

> The Sixth Circuit has reasoned that the $10,000 'single sum' approach is
> preferred because the $10,000 amount under §2520(c)(2)(B), unlike the $100
> amount, has no per violation authorization.  *Smoot*, 246 F.3d at 644.  'Congress
> knew how to specify an award that is to be multiplied on the basis of the
> frequency of the violation, because it did so by providing for damages for $100
> per day fo each day of violation.'  *Dorris*, 179 F.3d at 428.  The effect of applying
> the $10,000 amount per violation would render the $100 per day provision
> meaningless.  *Smoot*, 246 F.3d at 644.
>
> * * *
>
> The Sixth Circuit has adopted a preference for 'single sum' approach for
> the computation of statutory damages under 18 U.S.C. §2520.  The plain language
> and structure of the statute reveal that the 'single sum' approach is the most
> reasonable interpretation.  To apply the $10,000 per violation approach would
> misinterpret the statutory scheme and lead to highly inflated damages.  *See*
> *Dorris*, 179 F.3d at 428.
>
> Each of defendant's violations deriving from the use, purchase, and
> possession of the two pirate access devices are substantially related to the act of
> obtaining satellite programming without payment.  There is no evidence that these
> separate violations occurred on more than 100 separate days.  *Smoot* and *Dorris*
> will be extended to the circumstances of this case.  The wiretapping statute was
> designed to compensate plaintiffs for all of the defendant's misdeeds under the
> statute arising out of related conduct that occurred within one hundred days.
> Thus, the 'single sum' approach shall be applied....

*Kruse*, 2004 WL 952844 at *3.  As in *Kruse*, the present record only shows conduct substantially

related to the unauthorized interception of encrypted satellite programming without payment.

9

*See* Doc. #1 at 5-6.  DIRECTV's unopposed Motion for Summary Judgment and supporting

documents in the present case are sufficient to establish that Defendant purchased, possessed,

and used eight Pirate Access Device on or about the same days, March 13th and 14th, 2001, and

DIRECTV has not otherwise presented evidence showing unrelated violations of §2511(1)(a).

*See* Doc. #1.  DIRECTV's Motion for Summary Judgment and attached materials do not reveal

that Defendant's conduct occurred in manner that was not sufficiently interrelated and time-

compacted to justify deviating from the "single-sum" approach mandated by the Sixth Circuit in

*Dorris*, 179 F.3d at 428-30.

    Accordingly, a single tentative award of $10,000 not multiplied by eight applies in the

present case.  *See Dorris*, 179 F.3d at 430.

### 3.
### Step 4 of the *Dorris* Analysis

    As explained previously, Step 4 of the *Dorris* analysis permits this Court "to exercise its

discretion to determine whether the plaintiff should receive any damages at all in the case before

it...."  179 F.3d at 430.  Although DIRECTV has not specifically addressed this step in the

damages analysis, *see* Doc. #10 at 10-14, *Dorris* permits (and perhaps require) its consideration.

    Numerous factors may be considered when determining whether to award damages under

18 U.S.C. §2520 including:

> whether the plaintiff suffered financial harm, the extent to which a
> violation occurred and unlawfully intercepted signals were disclosed, whether the
> defendant had a legitimate reason for his or her actions, whether the defendant
> profited from his or her acts, and whether an award of damages would serve a
> legitimate purpose.

*See DIRECTV, Inc. v. Guzzi*, 308 F.Supp.2d 788, 790 (E.D. Mich. 2004)(citing *Dorris*, 179 F.3d

at 430 (other citations omitted); *see DIRECTV, Inc. v. Neznak*, 371 F.Supp.2d 130, 134-35 (D.

Conn. 2005)(collecting cases).

Because the record is presently lacking any evidence or argument concerning these factors, DIRECTV should be granted leave to conduct limited discovery analogous to a creditor's examination to determine: (1) whether DIRECTV suffered harm as a result of Defendant's acts; (2) whether Defendant actually used the Pirate Access Device and whether he disclosed to others DIRECTV's encrypted television broadcasts; (3) whether Defendant had a legitimate reason for his actions, (4) whether Defendant profited from his acts, (5) whether an award of damages would serve a legitimate purpose; and (6) the financial status of Defendant. *See DIRECTV, Inc. v. Craig*, 361 F.Supp.2d 1339, 1343-44 (M.D. Alab. 2005); *see also Guzzi*, 308 F.Supp.2d at 790-91.

Defendant should be notified that his failure to respond to DIRECTV's limited discovery requests may warrant an imposition of the full $10,000 award of statutory damages against him plus DIRECTV's additional reasonable attorney fees incurred in conducting limited discovery.

Nothing in this Report should be construed to discourage the parties from seeking to settle their dispute before, during, or after DIRECTV's limited discovery. The parties may contact the Court in the event they wish to schedule a settlement conference.

### D.    <u>Injunctive Relief</u>

DIRECTV seeks injunctive relief preventing Defendant and other related individuals from violating 47 U.S.C. 605(a) and 18 U.S.C. §2511. Because both statutes explicitly permit injunctive relief, and because the scope of DIRECTV's proposed injunction is within that authorized by these statutes, DIRECTV is entitled to injunctive relief. *See* 47 U.S.C. §605(e)(3)(B)(i); *see also* 18 U.S.C. §2520(b)(1).

11

Accordingly, DIRECTV's proposed injunction (Doc. #10, Exh. B) should be granted.

### E. <u>Attorney Fees and Costs</u>

As to attorney fees and costs, the amount DIRECTV seeks ($4,214.66) is verified by the Declaration it submits in support of its Motion for Summary Judgment (Doc. #12, Wallace Declaration attached) and constitutes a reasonable amount under the circumstances of this case. In the absence of opposition by Defendant to DIRECTV's Motion for Summary Judgment, no just reason to delay the award of attorney fees and costs appears on the record, and 18 U.S.C. §2520(b)(3) specifically authorizes such an award.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff DIRECTV, Inc.'s Motion for Summary Judgment (Doc. #10) be GRANTED in part and Summary Judgment be entered in favor of Plaintiff DIRECTV, Inc. and against Defendant James Scott on Counts One and Two of DIRECTV's Amended Complaint;

2. Defendant James Scott be ordered to pay DIRECTV's reasonable attorney fees and costs in the amount of $4,214.66;

3. DIRECTV's Motion for Summary Judgment (Doc. #10) be DENIED in part as to the request for an award of $80,000.00 in statutory damages. This denial should be without prejudice pending limited discovery analogous to a creditor's examination;

4. DIRECT's proposed injunctive relief (Doc. #10, Exhibit B) be GRANTED;

5.      A Scheduling Order issue setting deadlines for DIRECTV to complete limited discovery and file a Motion addressing damages, if any, to be assessed against Defendant; and

6.      Upon completion of this limited discovery and upon Motion by DIRECTV, the Court should determine what amount of damages, if any, should be awarded to DIRECTV in this case.


February 24, 2006


                                               __s/ Sharon L. Ovington____
                                             Sharon L. Ovington
                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

14